UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,                    Civil Action No.  18-cv-7598

        v.

                                      COMPLAINT AND JURY DEMAND

HELP USA, INC.,

        Defendant.
------------------------------------------------------------x

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to a group of individuals who were affected by such practices ("Aggrieved Individuals"). Plaintiff, the U.S. Equal Employment Opportunity Commission, alleges that Defendant HELP USA, Inc. ("Defendant") has discriminated against the Aggrieved Individuals by subjecting them to harassment because of their sex.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of New York, in Bronx County.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, HELP USA, Inc., a New York corporation, has continuously been doing business in the State of New York, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. Throughout 2016 and 2017, Defendant continuously had more than 500 employees.

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, a charge was filed with the Commission, EEOC Charge No. 520-2018-00039, alleging violations of Title VII by Defendant.

8. On June 11, 2018, the Commission issued to Defendant a letter of determination finding reasonable cause to believe that Defendant was in violation of Title VII and inviting

Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the letter of determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On August 9, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. Since at least at least the summer of 2016, Defendant has engaged in unlawful employment practices in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2, by subjecting a group of female employees ("Aggrieved Individuals") at Defendant's Bronx, New York facility on Morris Avenue ("Bronx-Morris Facility") to harassment because of their sex:

    a. Sometime in or around the summer of 2016, Defendant hired Nicholas Moses to work at the Bronx-Morris Facility as a Team Leader.

    b. Beginning shortly after his hire, Moses routinely treated female employees at the Bronx-Morris Facility, in particular (but not limited to) those who were his subordinates, in a hostile and verbally abusive manner. This conduct included frequent, abusive, and demeaning verbal interactions, such as swearing at and belittling female subordinates and ridiculing their work — conduct Moses did not similarly direct at his male subordinates.

c.  For example, Sherrie Harris, a case manager, was subjected to such conduct multiple times per week for a period of several months in 2016 and 2017. Moses often swore at her, responded to minor faults in Harris's work by yelling at or and ridiculing her, and made comments like, "I told you that's not the fucking way you do it."

d.  Moses also frequently directed unwelcome conduct of a sexual nature at female employees, such as commenting about female employees' bodies and clothing, ogling women in the office, and making repeated and unwelcome sexual advances.

e.  For example, Moses routinely made unwelcome, sexually suggestive comments to Pamela Richburg, who in 2016 and part of 2017 was an assistant director of placement services at the Bronx-Morris Facility. This included suggestive and demeaning comments about Richburg's appearance, such as: "Mmm ... you look good ... Your husband let you out of the house like that?", "that outfit you are wearing looks sexy on you," "your man must have a hard time with you," and "if you were my lady I would not allow you to leave the house wearing that outfit." Moses frequently asked Richburg out on dates and repeatedly alluded to wanting to have sex with her. On some occasions, Moses made unwanted physical contact with Richburg as well.

f.  Moses's hostile and abusive conduct toward the Aggrieved Individuals was motivated, at least in part, by their sex.

4

      g.      Defendant was aware of Moses's harassment of the Aggrieved Individuals very soon after Moses's employment began. On several occasions, beginning in or around August 2016, Richburg complained about Moses's conduct to her supervisor, Felicia Cruishank, the facility's Executive Director. Richburg also informed Cruishank that Moses was harassing other women who worked on the same floor of the Bronx-Morris Facility.

      h.      Defendant failed to take prompt, reasonable corrective action to stop the harassment. Indeed, on one occasion when Richburg complained about Moses, Cruishank dismissed his behavior as jokes and stated that Moses was just being "playful."

14. The effect of the practices complained of above has been to deprive the Aggrieved Individuals of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex.

15. The unlawful employment practices complained of above were and are intentional.

16. The unlawful employment practices complained of above have been done with malice or with reckless indifference to the Aggrieved Individuals' federally protected rights.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in discrimination or harassment on the basis of sex.

B.   Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees without regard to sex and which eradicate the effects of its past and present unlawful employment practices.

C.   Order Defendant to make the Aggrieved Individuals whole by providing compensation for past pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

D.   Order Defendant to make the Aggrieved Individuals whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

E.   Order Defendant to pay the Aggrieved Individuals punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

F.   Grant such further relief as the Court deems necessary and proper in the public interest.

G.   Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: August 21, 2018

New York, New York

                                                     JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, N.E.
Washington D.C. 20507

JEFFREY BURSTEIN
Regional Attorney

s/ Justin Mulaire
JUSTIN MULAIRE
Supervisory Trial Attorney

New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2112
Telephone: (212) 336-3744
justin.mulaire@eeoc.gov

KATIE LINEHAN
Trial Attorney
U.S. Equal Employment Opportunity
Commission
Boston Area Office
John F. Kennedy Federal Building
Government Center, Room 475
Boston, MA 02203-0506

JADHIRA RIVERA
Trial Attorney
U.S. Equal Employment Opportunity
Commission
Newark Area Office
Two Gateway Center, Suite 1703
Newark, N.J. 07102