IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. 18-CV-7598 |
| v. | ) ) ) ) | |
| HELP USA, INC., | ) ) ) | |
| Defendant. | ) ) ) | |

## CONSENT DECREE

Plaintiff United States Equal Employment Opportunity Commission ("EEOC") filed this action alleging that HELP USA, Inc. ("Defendant") violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq*. ("Title VII") as amended, and Title I of the Civil Rights Act of 1991, when it discriminated against a group of aggrieved individuals by subjecting them to harassment because of their sex.

The EEOC and Defendant have agreed that this action should be resolved by entry of this Consent Decree, and therefore do hereby stipulate and consent to the entry of this Decree as final and binding on the parties, including Defendant's successors, assigns, subsidiaries, and any other entity with which Defendant may merge or consolidate. The parties have agreed that this Decree may be entered into without findings of fact and conclusions of law having been made and entered by the Court.

In consideration of the mutual promises and agreements contained in this Decree, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds

appropriate, and it is therefore ORDERED, ADJUDGED AND DECREED that:

## GENERAL PROVISIONS

1.      This Decree is final and binding on the parties and resolves all claims asserted by the Complaint in this action and the underlying Charge No. 520-2018-00039. This Decree does not resolve any other charge of discrimination pending before the EEOC, or any charge that may be filed in the future.

2.      The parties agree and the Court finds that this Court has jurisdiction of the subject matter of this action and of the parties, that venue is proper, and that all administrative prerequisites have been met.

3.      By mutual consent of the parties, this Decree may be amended in the interests of justice and fairness and to facilitate execution of this Decree's provisions. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing, approved by all parties to this Decree, and approved or ordered by the Court.

4.      Whenever Defendant is required to send documents, reports, forms, or other materials to the EEOC pursuant to this Decree, Defendant shall send such matters by electronic mail to Jadhira Rivera at jadhira.rivera@eeoc.gov and "Consent Decree Monitor" at decreemonitor.nydo@eeoc.gov.

5.      The provisions of this Decree shall apply to Defendant's HELP Bronx-Morris facility, as well as any facility (wherever located) at which Nicholas Moses is regularly assigned to work.

## INJUNCTIVE RELIEF

6.      Defendant is enjoined from engaging in any employment practice prohibited by Title VII, including subjecting employees to harassment because of their sex.

7.      Defendant is enjoined from engaging in retaliation of any kind against any person because such person has opposed any practice prohibited by Title VII, filed a charge of discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under Title VII or this Decree, or because such person was identified as a possible witness in connection with this matter.

8.      Defendant shall instruct Nicholas Moses that, as conditions of his continued employment, he may not: (1) attempt to prevent, discourage, or in any other way interfere with any complaint or report of sex discrimination in the workplace; or (2) initiate contact with any of the Aggrieved Individuals (*see* Paragraph 22).

## ADOPTION, POSTING, AND DISTRIBUTION OF POLICY PROHIBITING EMPLOYMENT DISCRIMINATION

9.      Upon entry of this Decree, Defendant will adopt or affirm an antidiscrimination policy that prohibits discrimination on the basis of sex, outlines a procedure for making complaints or reports of discrimination, and identifies the individuals with whom complaints or reports should be filed.  The Antidiscrimination Policy shall, at a minimum, expressly prohibit all forms of discrimination and retaliation prohibited by Title VII, with specific emphasis on prohibiting harassment because of sex, and inform employees that they are entitled to make complaints or reports of unlawful employment discrimination via multiple avenues including to Defendant and to the EEOC. The Policy shall also encourage all employees to report discriminatory behavior irrespective of whether or not they are the victim of such discriminatory behavior.  Nothing in this Paragraph represents an endorsement by the EEOC or by the Court

3

that Defendant has been or is in compliance with federal anti-discrimination laws.

10.     Defendant shall distribute a copy of the Antidiscrimination Policy to all current employees at facilities covered by this Decree within ten (10) business days of the entry of this Decree, and thereafter shall provide a copy of the Antidiscrimination Policy to all subsequently hired employees within ten (10) business days of the start of their employment.  Defendant will redistribute the Policy to all employees annually on the anniversary date of the entry of this Decree.

11.     Within ten (10) business days of the entry of this Decree, Defendant will post a copy of the Antidiscrimination Policy in locations visually accessible to and commonly frequented by Defendant's employees and in locations typically used by Defendant for posting notices directed to employees or job applicants.

12.     Within ten (10) business days of the entry of this Decree, Defendant will conspicuously display and maintain EEO posters in locations visually accessible to and commonly frequented by Defendant's employees and in locations typically used by Defendant for posting notices directed to employees or job applicants.

13.     Within ten (10) business days of the entry of this Decree, Defendant will post the "Notice of Lawsuit and Settlement," attached as Exhibit A, in locations visually accessible to and commonly frequented by Defendant's employees and in locations typically used by Defendant for posting notices directed to employees or job applicants.

RECORDKEEPING AND REPORTING

14.     During the Term of this Decree, Defendant shall maintain and make available for inspection and copying by the EEOC written records of every complaint or report (oral or written, formal or informal, internal or external) by any employee of employment discrimination

4

or retaliation prohibited by Paragraphs 6 and 7 of this Decree. For each such complaint or report, such records shall include: (a) the name of the employee who made the complaint or report and that employee's address and telephone number; (b) the date of the complaint or report; (c) a written description of what was alleged in the complaint or report; (d) a written description of the resolution or outcome of the complaint or report, including a description of what actions, if any, Defendant took; and (e) if the complaint or report was made in written form, a copy thereof.

15.     Defendant shall require personnel within its employ, upon request by the EEOC, to cooperate reasonably with and to be interviewed by the EEOC for purposes of verifying compliance with this Decree. Defendant shall permit a representative of the EEOC to enter Defendant's premises on three (3) business days' notice, during normal business hours, for purposes of inspecting any relevant documents or records or otherwise verifying compliance with this Decree; provided, however, that the EEOC may enter Defendant's premises without advance notice, during normal business hours, for the purpose of verifying compliance with the notice posting requirements of Paragraphs 11–13.

16.     Defendant shall furnish to the EEOC the following written reports semi-annually ("Semi-Annual Report") during the Term of this Decree. The first Semi-Annual Report shall be due six (6) months after entry of the Decree. Subsequent Semi-Annual Reports shall be due every six (6) months thereafter, except that the final Semi-Annual Report shall be due thirty (30) calendar days prior to the expiration of the Decree. Each such Semi-Annual Report shall contain:

> (a)     Copies of the records described in Paragraph 14, above, for the six (6) month period preceding the Semi-Annual Report or a certification by

Defendant that no complaints or reports of discrimination were received during that period; and

(b)   A certification by Defendant that the Notice required to be posted pursuant to Paragraph 13 of the Decree remained posted in the manner required during the entire six (6) month period preceding the Semi-Annual Report.

<u>TRAINING</u>

17.   Within 90 days of the entry of this Decree, and annually thereafter, Defendant will provide all supervisory and management employees at facilities covered by this Decree, and other employees involved in Human Resources live, in-person training on federal laws prohibiting discrimination in employment, with special emphasis on laws prohibiting harassment and discrimination based on sex, as well as training on Defendant's EEO Policies, complaint procedure, and such trainees' responsibilities thereunder.  Newly hired or promoted supervisory and management employees will be given the training within ten (10) business days after starting in the position either in person or via video recording.

18.   Within 90 days of the entry of this Decree, and annually thereafter, Defendant will provide all non-management employees at facilities covered by this Decree live, in-person training on federal laws prohibiting discrimination in employment, with a special emphasis on laws prohibiting discrimination and harassment on the basis of sex, and retaliation, as well as training on Defendant's EEO Policies and the procedure for making complaints.  A senior member of management will be present to introduce the trainer and state management's commitment to the goals of the training either in person or via video recording.  Newly hired employees will be given the training within ten (10) business days after starting the position either in person or via video recording.

6

19.     The training required by Paragraphs 17–18 will include the following elements:

   (a)     It will describe or portray real-world examples of conduct that is
           unacceptable in the workplace, including examples involving harassment
           based on categories protected by Title VII, with at least one specific
           example related to comments or treatment that would be offensive because
           of sex;

   (b)     It will be interactive, providing participants opportunities both to answer
           and ask questions about how to recognize and respond to potentially
           problematic behavior;

   (c)     It will explain the avenues available for reporting incidents of harassment
           or discrimination, and affirm that the individuals who make complaints or
           reports will not be subjected to any form of retaliation or reprisal; that all
           individuals making complaints or reports will receive timely notice of the
           investigation's conclusion and a brief statement that appropriate measures
           were undertaken to remediate issue complained of; that Defendant will
           take prompt and appropriate corrective action to remedy harassment and
           discrimination in all its facilities; that Defendant will keep complaints and
           reports and the identities of employees who make them confidential to the
           extent practicable; and

   (d)     It will encourage bystander reporting, that is, it will convey that all
           individuals in the workplace are encouraged (and, for supervisors and
           managers, required) to take action if they observe any problematic
           behavior, and it will explain how they can do so.

20. Defendant shall obtain the EEOC's approval of its proposed trainer and the content the trainer proposes to present before the commencement of any training session required under Paragraphs 17–18, above. Defendant shall submit the name, address, telephone number, resume, and training proposal of its proposed trainer (including copies of all materials the trainer proposed to display, distribute, or otherwise present) to the EEOC at least fifteen (15) business days prior to the proposed date of the first training session, and if the content changes, at least fifteen (15) business days prior to the proposed date of the next training session with the changed content. The EEOC shall have ten (10) business days from the date it receives the information described above to accept or reject the proposed trainer and/or the content the trainer proposes to present. In the event the EEOC does not approve Defendant's proposed trainer and/or the content, Defendant shall have five (5) business days to identify an alternate trainer and/or revise the content its trainer proposes to present. The EEOC shall then have five (5) business days from the date it receives the information described above to accept or reject the alternate trainer and/or content. If the parties cannot agree on a trainer or training content through this process, they may seek the Court's assistance.

21. Defendant will maintain attendance records identifying, in legible form, the name and job title of the attendees at each session and also containing the signature of each attendee, as well as copies of all training materials presented. Within fifteen (15) business days of the initial training and each subsequent annual training session, Defendant will provide the EEOC a copy of the attendance records and all materials used during the training session. Materials for any trainings presented off-cycle via video recording to newly-hired or promoted employees or to employees who missed the annual training may be reported in the next Semi-Annual Report that is due after the date(s) of such training session(s).

## MONETARY RELIEF

22.     Defendant shall make payments totaling $150,000 ("Payments") to Pamela Richburg, Sherrie Harris, and Glenessa Richardson ("Aggrieved Individuals") in amounts to be determined by the EEOC within its sole discretion.

23.     Within ten (10) business days after the entry of this Decree, Defendant shall issue and mail to each Aggrieved Individual, by Certified Mail, a check for the amount specified by the EEOC under Paragraph 22 as compensatory damages.  Defendant shall contemporaneously send copies of each check to the EEOC.  Defendant will also issue IRS Form 1099 to each Aggrieved Individual for the compensatory damages they receive pursuant to this Decree.

24.     If any payment due to an Aggrieved Individual under this Decree is not made in full and mailed within the ten (10) business day period, then for each business day beyond the tenth business day that such portion ("Unpaid Amount") remains unpaid, Defendant shall pay the Aggrieved Individual, in the manner set forth above, an amount equal to the greater of $25.00 or 0.1% of the Unpaid Amount.

## TERM OF DECREE AND DISPUTE RESOLUTION

25.     Except for the injunction in Paragraph 8, which shall last for the duration of Mr. Moses's employment, this Decree will remain in effect for 3 years from the date of entry ("Term"), provided, however, that if, at the end of the Term of the Decree, any disputes about compliance with the Decree remain unresolved (see Paragraph 27 below), the Term of the Decree shall be automatically extended until such time as all such disputes have been resolved.

26.     This case may be administratively closed, but will not be dismissed.  The Decree will expire by its own terms at the end of the Term, without further action by the parties or the Court, unless the duration of this Decree has been extended automatically pursuant to Paragraph

25 or by other order of the Court.

27.     If during the Term of this Decree the EEOC believes that Defendant has failed to comply with any provision(s) of the Decree, the EEOC shall notify Defendant of the alleged non-compliance and shall afford Defendant ten (10) business days to remedy the non-compliance or satisfy the EEOC that Defendant has complied.  If Defendant has not remedied the alleged non-compliance or satisfied the EEOC that it has complied within ten (10) business days, the EEOC may apply to the Court for relief, including modification of this Decree or other relief that the Court determines to be appropriate.

28.     No party will contest the validity of this Consent Decree or that the Court has jurisdiction to enforce this Decree and its terms for all purposes including, but not limited to, the entering of all orders, judgments and decrees as necessary to implement the relief provided herein for the duration of this Decree.  A breach of any term of this Decree by Defendant shall be deemed a substantive breach of this Decree for which EEOC may bring an enforcement action.

<u>MISCELLANEOUS PROVISIONS</u>

29.     Each party shall bear its own expenses, attorneys' fees, and costs.

30.     The terms of this Decree are and shall be binding on the present and future directors, officers, managers, agents, successors and assigns of Defendant.  At least twenty-one (21) days prior to any sale or other transfer of Defendant's business or sale or other transfer of all or a substantial portion of Defendant's assets, Defendant shall provide a copy of this Decree to any potential purchaser, potential transferee, or other potential successor.

31.     When this Decree requires a certification by Defendant of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of Defendant.

APPROVED IN FORM AND CONTENT:

FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

JEFFREY BURSTEIN
Regional Attorney

JUSTIN MULAIRE
Supervisory Trial Attorney

New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2112
Telephone: (212) 336-3744
justin.mulaire@eeoc.gov

JADHIRA RIVERA
Trial Attorney
U.S. Equal Employment Opportunity
Commission
Newark Area Office
Two Gateway Center, Suite 1703
Newark, N.J. 07102

KATIE LINEHAN
Trial Attorney
U.S. Equal Employment Opportunity
Commission
Boston Area Office
John F. Kennedy Federal Building
Government Center, Room 475
Boston, MA 02203-0506

FOR DEFENDANT HELP USA, INC.,

Missy Flower
Chief Administrative Officer
HELP USA, Inc.

11

SO ORDERED, ADJUDGED AND DECREED this <u>28th</u> day of <u>March</u>           , 2019.

Vernon S. Broderick
United States District Judge

# EXHIBIT A

## NOTICE OF LAWSUIT AND SETTLEMENT

This Notice has been posted pursuant to a Consent Decree entered into between U.S. Equal Employment Opportunity Commission ("EEOC"), and HELP USA, Inc. ("HELP USA") in settlement of a lawsuit filed by EEOC in the United States District Court for the Southern District of New York.

Federal law prohibits discrimination and/or harassment on the basis of sex (including pregnancy, gender identity, and sexual orientation), race, color, national origin, religion, age, disability status or genetic information. This includes prohibiting sexual harassment. Federal law also prohibits retaliation against any employee who makes a complaint or files a charge of discrimination or harassment, who opposes unlawful activity, or who cooperates in the investigation of a charge or otherwise exercises her or his rights under the law. As per the Consent Decree in this case, HELP USA:

- Will not tolerate discrimination or harassment against any employee because of his or her sex or because of any other unlawful basis;

- Will not tolerate retaliation against any person who exercises his or her rights under federal anti- discrimination laws;

- Will redistribute its policies prohibiting discrimination, harassment, and retaliation to its employees, and will provide training on the law and its policies;

- Will report to the EEOC all complaints of retaliation or Title VII based discrimination, including discrimination or harassment on the basis of sex, that are received from its employees as provided for in the Consent Decree; and

- Will permit the EEOC to monitor compliance with the Consent Decree.

Should you have a complaint of discrimination, follow Company policy for reporting such complaints, or you may contact:

U.S. Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004
Phone: 1-800-669-4000 | 212-336-3671
TTY (for hearing impaired): 1-800-669-6820 | ASL Video Phone (for hearing impaired): 1-844-234-5122
Website: http://www.eeoc.gov

Date: _____

THIS IS AN OFFICIAL NOTICE AND MUST NOT BE ALTERED OR DEFACED BY ANYONE OR COVERED BY OTHER MATERIALS

This Notice must remain posted for 3 years from the date shown above and must not be altered, defaced, or covered by any other material. Any questions concerning this Notice or compliance with its provisions may be directed to the U.S. Equal Employment Opportunity Commission at the numbers listed above.